Henrietta WHEELER, Plaintiff,

v.

The TRAVELERS COMPANIES,
Defendant.

Civ. A. No. 3:94CV300.

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 14, 1994.

James Fred Sumpter, Richmond, VA, for plaintiff.

Cynthia Annette Eppes Hudson, Eva Susan Tashjian–Brown, McGuire, Woods, Battle & Boothe, Richmond, VA, for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on defendant's motion for summary judgment, filed on September 12, 1994. Defendant in this action is The Travelers Companies ("the Travelers"). Plaintiff is Henrietta Wheeler. On May 9, 1994, Wheeler, a black woman, filed this action, alleging that the Travelers discriminated against her in failing to transfer her based on her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff alleges jurisdiction based on Title VII and 28 U.S.C. § 1331.

This matter has been fully briefed and is ripe for disposition by the Court.[1]

### Background

In 1993, the Travelers promoted plaintiff Wheeler from her position as a Benefits Specialist in Richmond to a Provider Relations Representative ("PRR") in the Vienna, Virginia branch of its Managed Care Operations Unit. Wheeler was selected for the position by Karen Haugen and began work as a PRR on January 4, 1993. In July, 1993, Haugen announced that there was an opening for a PRR position in the Richmond branch of the Managed Care Unit. The new Richmond PRR would be working closely with Richmond's senior PRR and office manager, Valerie Pandak, so Haugen asked Pandak to conduct the initial interviews for the position.

---

1. Plaintiff did not respond to defendant's motion for summary judgment until well after the time specified by this Court's Local Rule 11(F). The motion was filed on September 12, 1994, and defendant did not respond until October 5, 1994. With the response, defendant sent a letter contending that because defendant's original motion was filed with an unsworn affidavit, defendant did not have to follow the Court's time frame. Defendant responded that because it substituted the sworn affidavit for the unsworn one on September 19, 1994, plaintiff's response came more than eleven days after the addition of sworn affidavit and still did not meet the Local Rule deadline.

Because the Court has decided to grant summary judgment on the merits, it will not address defendant's claims as to the tardiness of plaintiff's response.

Plaintiff expressed her interest in the job, and Haugen told her that the job would be posted internally and she would have to submit a resumé and interest letter along with everyone else. Defendant alleges that Haugen encouraged Wheeler to contact Pandak about the position and her needs, but Wheeler never did.

Defendant alleges that there are differences between the responsibilities of a Richmond PRR and a Vienna PRR. The Vienna job requires more administrative work, while the Richmond position requires more face-to-face presentation and training work and other personal contacts with health care providers. Defendant further alleges that Pandak was particularly interested in applicants who had substantive knowledge of managed care and superior presentation skills and experience. Plaintiff does not dispute these differences, but asserts that both positions had the same official job description, title, and salary grade.

Plaintiff submitted a resumé and a letter of interest to Pandak. Defendant alleges, and plaintiff admitted in deposition, that the interest letter was essentially a form letter. The letter and resumé did not discuss Wheeler's current work as a PRR and Pandak perceived a troubling lack of enthusiasm on Wheeler's part.

Despite her concern, Pandak selected Wheeler for an initial interview along with three others. Pandak interviewed Wheeler and the other out-of-town applicant over the telephone.[2] Pandak developed an interview questionnaire which she followed in every interview. Defendant alleges that Pandak was dissatisfied with Wheeler's interview performance because of the need to repeat and explain questions and because of plaintiff's non-responsive and evasive answers.

During the interview, Pandak asked plaintiff to submit an evaluation form from her previous position as a Benefits Specialist. Instead, plaintiff had her Vienna supervisor prepare a probationary performance evaluation specifically for Pandak and Haugen's use. The Vienna supervisor wrote that Wheeler needed further development of her understanding of the health care industry and managed care needs. In her deposition, plaintiff agreed with that assessment. The supervisor rated Wheeler a three on a scale of one to five, with one representing the highest rating and five the lowest. All of the remaining candidates had ratings of one. Plaintiff also testified at her deposition that she sought to limit her outside presentations and provider visits while in her Vienna position.

Under these circumstances, Pandak did not recommend to Haugen that Wheeler proceed to the next level of interviews. After the second round of interviews which Haugen conducted, she selected Robin Thomas. Defendant alleges that Haugen selected Thomas because she and Pandak determined that Thomas had the best knowledge of the managed care concept and presentation skills and experience. Thomas had 25 years of health insurance experience and had been employed for two and a half years as Richmond's Office trainer in the Managed Care Employee Benefits Operation Claim office where she routinely made presentations explaining managed care policies and procedures to large groups. Thomas also had experience in negotiating with outside health care providers regarding claims issues. Moreover, at the time the position opened up, Thomas had been targeted for layoff due to corporate-wide downsizing. The Travelers has a specific policy that requires giving priority consideration to employees in layoff status or who are about to be laid off.

Plaintiff admits in her deposition that no racially biased statements were made to her and that throughout the interview process, she never felt that her race was an issue.

In October, 1993, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the Travelers discriminated against her because of her race when it did not grant her the transfer. The EEOC notified plaintiff that it would not be able to rule within the allotted time and granted plaintiff the right to sue in federal district court. This suit ensued.

---

**2.** Both applicants requested in person interviews, and Pandak denied both requests.

## Discussion

Under Federal Rule of Civil Procedure 56(c), the moving party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). The burden is on the moving party, and "the facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to … the party opposing the motion." *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). The non-moving party, however, may not rest on mere allegations or denials contained in the pleadings, but must come forth with specific facts with affidavits, depositions, interrogatories or other evidence to show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Allstate Financial Corp. v. Financorp, Inc.,* 934 F.2d 55, 58 (4th Cir.1991). Summary judgment is proper "if the evidence is such that a reasonable jury could [not] return a verdict for the non-moving party." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

Plaintiff purports to make a claim of disparate treatment because of race in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* A Title VII plaintiff may prove such a claim either directly or circumstantially, using the shifting burdens of proof set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[3] Under this scheme, the plaintiff must first make out a *prima facie* case of discrimination by producing evidence that (1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for the position, and (4) she was rejected for the position in favor of someone outside the protected group under circumstances giving rise to an inference of discrimination. *Alvarado v. Board of Trustees of Montgomery Com-*

*munity College,* 928 F.2d 118, 121 (4th Cir. 1991). If the plaintiff can make a *prima facie* case, a presumption of discriminatory intent is created, and the employer then has the burden of producing a legitimate nondiscriminatory reason for the adverse employment decision. *Mitchell v. Data General Corp.,* 12 F.3d 1310 (4th Cir.1993). The employee retains the ultimate burden of persuasion throughout, and, if the employer meets its burden, the employee must then show not only "that the reason [articulated by defendant] was false, [but also] that discrimination was the real reason." *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); *see Ross Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir.1985). "Thus, the plaintiff can fail to meet her burden, not only by failing to establish a *prima facie* case, but also by failing to show a genuine factual dispute over the employer's legitimate nondiscriminatory explanation." *Mitchell,* 12 F.3d at 1317.

Defendant argues that plaintiff cannot make out the necessary *prima facie* case because she was not qualified and there are no circumstances giving rise to an inference of discrimination in the Travelers' decision not to place her in the job. Defendant contends that understanding of the concept of managed care was a crucial qualification and points to plaintiff's documented and admitted difficulty with the concept. Defendant also submits that plaintiff, by her own admission, had limited experience with outside presentations which were also an important part of the new job.

Defendant further asserts that even if plaintiff could make out a *prima facie* case, she has no evidence that defendant's proffered reason for its decision is pretextual. Defendant submits that defendant chose to promote Thomas over Wheeler because she was more qualified than Wheeler. Defendant relies on its policy of giving priority to employees who are about to be laid off, as well as plaintiff's lukewarm performance evaluation, her admitted difficulties with the concept of managed care, and her limited

---

**3.** Plaintiff admitted in her deposition that she has no direct evidence of discrimination, and she

does not argue that she is able to prove her claim directly.

experience with outside presentations. Defendant submits that it has produced enough evidence to support its belief that Wheeler was less qualified than Thomas. Thus defendant argues that this is sufficient to rebut a presumption of discriminatory intent because:

> once an employer has advanced superior qualification as a legitimate non-discriminatory reason for favoring another employee over the claimant, the burden of persuasion is upon the claimant to satisfy the trier of fact that the employer's proffered reason is pretextual, that race discrimination is the real reason.

*Patterson v. McClean Credit Union,* 805 F.2d 1143, 1147 (4th Cir.1986), *aff'd* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). It is defendant's position that in attempting to satisfy her burden, plaintiff advances only her own opinion that she was better qualified, and argues that "[plaintiff's] perception of [herself] ... is not relevant. It is the perception of the decisionmaker which is relevant." *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980). Thus, defendant argues that plaintiff has not met her ultimate burden and cannot survive its motion for summary judgment.

Plaintiff responds that she can make out a *prima facie* case because the qualifications defendant claims she does not meet were subjectively imposed by Pandak and Haugen and these subjective criteria should not be used in determining whether she was qualified. She also claims that Pandak has never hired a minority for the Richmond office and urges that this raises an inference of discrimination.

Plaintiff further contends that she survives the motion for summary judgment because defendant has failed to show that its asserted reason for the decision not to transfer plaintiff is not pretextual. Plaintiff argues that defendant should not be able to rely on the performance evaluations because she and Thomas were performing different jobs. Plaintiff also finds fault with the fact that she

was interviewed over the telephone, while the chosen white candidate was interviewed in person. Plaintiff criticizes defendant's use of criteria and additional tests in the interview process which were allegedly deviations from defendant's normal selection process. Finally, plaintiff claims that defendant cannot rely on the firm policy to give priority to laid off employees. She argues that because that policy enabled defendant to give plaintiff the job without posting it, once defendant posted the job, the guideline dropped and should not have been considered.

The Court concludes that defendant, in claiming it chose Thomas because she was better qualified, articulated and supported a legitimate business reason for rejecting Wheeler.[4] Thus, plaintiff was obliged under both the standard for summary judgment and the *McDonnell Douglas* scheme to provide enough support and evidence such that a reasonable juror could find that the offered reason was pretextual and that race was the reason for the rejection. As plaintiff bears the burden on this issue, she may not rest merely on the pleadings and *must* offer or point to documents to designate specific facts in dispute on this material issue. *Parkerson v. Federal Home Life Ins. Co.,* 797 F.Supp. 1308, 1312 (E.D.Va.1992).

In addition to attempting erroneously to place the burden on the pretext issue on the defendant, plaintiff has produced nothing to support her contentions that defendant's offered reason was a pretext and that the real motivation was race discrimination. She has not submitted any affidavits, nor has she cited to her own deposition testimony. She has not produced a single piece of evidence to indicate that this is a genuine disputed issue for trial. While summary judgment is often not appropriate where intent is at issue, "[u]nsupported allegations as to motive do not confer talismanic immunity from Rule 56." *Ross,* 759 F.2d at 365.

Wheeler's allegations that the use of the evaluations and the addition of new job requirements were calculated to put her at a

---

4. Because this motion is easily disposed of on this issue, the Court need not consider whether plaintiff can make out a *prima facie* case of discrimination. In light of the fact that plaintiff

did not cite to a single supporting document, including her own deposition, in her entire memorandum, it is doubtful that she could meet even her initial *prima facie* burden.

disadvantage are purely speculative.[5] She complains that she was denied an in-person interview, yet fails to address the fact that a white applicant was denied the same. She contends that because she held a job with the same title as the Richmond position, she was qualified for the position, and yet she acknowledged in her deposition the difference between the two positions. Even if she had submitted testimony as to her qualifications, the Fourth Circuit has held that it is the perception of the decisionmaker which is relevant, *Smith*, 618 F.2d at 1067, and defendant has shown that Pandak and Haugen required skills which they believed Thomas held over Wheeler.

None of these allegations support a claim that defendant's articulated reason was a pretext for race. Plaintiff's only allegation which relates directly to race is the allegation that Pandak has never hired any minorities. Plaintiff does not support this allegation. Furthermore, she offers nothing to show that Pandak was responsible for the hiring decisions for the Richmond office. In fact, plaintiff does not dispute that only Haugen has that authority, and she admits that Haugen has hired more blacks than whites in the Vienna office.

Plaintiff has simply failed to raise a "genuine factual dispute over the employer's legitimate non-discriminatory explanation." *Mitchell*, 12 F.3d at 1317. She has produced no evidence, much less sufficient evidence, from which a jury could return a verdict in her favor. The Court concludes that plaintiff cannot make out a claim of discrimination under Title VII as a matter of law. Accordingly, the Court grants defendant's motion for summary judgment.

An appropriate Order shall issue.

### FINAL JUDGMENT ORDER

For the reasons stated in the memorandum this date filed and deeming it proper so to do, it is ADJUDGED AND ORDERED that the motion for summary judgment filed by the defendant be and it is hereby Granted and Judgment is hereby entered in favor of the defendant, The Travelers Companies, who stands dismissed with its taxable costs.

---

5. Moreover, there is no merit to plaintiff's claim that she was subjected to unfair surprise by the requirement of good presentations skills. Plaintiff testified in her deposition that she reviewed the posting for the Richmond prior to applying and the posting expressly stated "good presentation skills a must." Plaintiff's Depo. Exh. 4.